# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tony Buck,<br><br>    Movant/Defendant,<br><br>v.<br><br>United States of America,<br><br>    Respondent/Plaintiff. | No. CV-16-02018-PHX-SRB (BSB)<br>     CR-95-00386-SRB<br><br>**REPORT<br>AND RECOMMENDATION** |

On July 11, 2016, Movant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  (Doc. 3.)  Movant claims that his convictions under 18 U.S.C. § 924(c)(1)(A)(iii) for discharging a firearm during a crime of violence are unconstitutional in view of *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), which held that the "residual clause' in the definition of a "violent felony" in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), is unconstitutionally vague. Movant argues that his qualifying conviction for a violation of 18 U.S.C. § 2114(a), assault with intent to steal property of the United States, is not a crime of violence and, therefore, his § 924(c) conviction should be vacated.

The government recently moved to stay this § 2255 proceeding pending the Supreme Court's decision in *Dimaya v. Lynch*. 803 F.3d 1110 (9th Cir. 2015), *cert granted*, ___ S. Ct. ___, 2016 WL 3232911 (Sept. 29, 2016).  (Doc. 7.)  In *Dimaya*, the the Supreme Court will decide whether the residual clause of 18 U.S.C. § 16(b), which is identical to the residual clause of § 924(c)(3)(B) that Petitoner challenges, is

unconstitutional for the same reasons as the residual clause at issues in *Johnson*. Counsel for Movant does not oppose the stay. (Doc. 7 at 2.) After consideration of this matter, the Court recommends that the Court grant the unopposed motion to stay this proceeding pending the Supreme Court's decision in *Dimaya*.

Accordingly,

**IT IS RECOMMENDED** that the Court grant the government's motion to stay (Doc. 7) and stay this § 2255 proceeding pending the Supreme Court's decision in *Dimaya v. Lynch*. 803 F.3d 1110 (9th Cir. 2015), *cert granted*, ___ S. Ct. ___, 2016 WL 3232911 (Sept. 29, 2016).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 16th day of November, 2016.

_____
Bridget S. Bade
United States Magistrate Judge